



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

May 17, 1939

Honorable J. C. Patterson
County Attorney
Knox County
Benjamin, Texas

Dear Sir:

Opinion No. 0-797
Re: Whether fee provided
for in Section 15 (a)
Texas Liquor Control
Act, an "occupation
tax" - effect of order
of Commissioners'
Court levying "occu-
pation tax".

With further reference to your letter of May 8th, wherein you request an opinion from this Department, permit us to set forth a portion thereof containing your request:

"According to Article 666-15-a-1 of Vernon Sayles Annotated Statutes (Section 15 (a) Texas Liquor Control Act), the Commissioners' Court of each county in this State shall have the power to levy and collect from every person that may be issued a permit hereunder in said County a fee equal to one-half of the State Fee";

Now the question arises, 'is this to be considered an "occupation tax", as provided in Article 7047, or should the Commissioners' Court make a "separate order" as to the levy and collection thereof?'"

Article 666-15(a) of Section I of the Texas Liquor Control Act as incorporated in Vernon's Annotated Penal Code of Texas, 1925, as Article 666-15(a) 1 reads



Honorable J. C. P·tterson, May 17, 1939, Page 2

as follows:

> "Except as to Agent's, Industrial,
> Carrier's, Private Carrier's, Local Cartage,
> and Storage Permits, and as to such Wine
> and Beer Retailer's Permits as shall be
> issued to operators of dining, buffet, or
> club cars, and Class 'B' Winery Permits,
> the Commissioners' Court of each county
> in this State shall have the power to
> levy and collect from every person that
> may be issued a permit hereunder in said
> county a fee equal to one-half of the
> State fee;... Any permittee or licensee
> who engages in the sale of any alcoholic
> beverage without having first paid the
> fees which may have been levied by the
> county or city as herein provided shall
> be guilty of a misdemeanor, and upon con-
> viction shall be fined not less than Ten
> Dollars ($10) nor more than Two Hundred
> Dollars ($200)."

The above Article 666-15(a) 1 provides that the Commissioners' Court of each county shall have the power to levy and collect from every person that may be issued a permit, excepting classifications under the Act in said county, a fee equal to one-half of the State fee charged therein, and that after such levy by the county, any permittee or licensee who engages in the sale of any alcoholic beverage without having first paid the fees levied shall be guilty of a misdemeanor and upon conviction shall be subject to fine. No reference is made in this subdivision or elsewhere in the Texas Liquor Control Act, to an "occupation tax", or a tax contemplated under Article 7048, Revised Civil Statutes, 1925. Article 666-15(18) found in the said Penal Code of 1925, defines "medicinal permits" and prescribes the annual permit fee chargeable by the State.

The Legislature has declared its policy of reg- ulating the sale of liquor, with Article 666-2 of the Act specifically declaring the granting of certain per- mits and collecting license fees, an exercise of the police power of the State. Under such regulations or permit, to sell liquor for medicinal purposes has been held to be a mere personal privilege and so declared in the Act itself as distinguished from a vested right to sell. Bradley v. Texas Liquor Control Board, 108 S. W. (2d) 300.



Honorable J. C. Patterson, May 17, 1939, Page 2

In the case of City of Ft. Worth v. Gulf Refining Company, 125 Tex. 51., 83 S. W. (2d) 610, "occupation tax" is defined as a tax levied primarily for purpose of raising revenue while "license law" confers on those who comply therewith a right denied all others, irrespective of whether a fee is exacted.

It is, therefore, the opinion of this Department that an order passed by the Commissioners' Court levying an "occupation tax", as authorized under the provisions of Article 7048, Revised Civil Statutes of 1925, is insufficient to authorize a levy and collection of license fees provided for under the provisions of Article 666-15(a) 1 of the Texas Liquor Control Act as incorporated in Vernon's Annotated Penal Code of Texas, 1925.

Trusting that the above answers your question, we beg to remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By William J. R. King
Assistant

WmK:FL

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN